IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PETER C. LUCK and : No. 3:12cv0887
KENNETH N. WYNDER, :
      Plaintiffs : (Judge Munley)
 :
  v. :
 :
LIANNE R. ASBURY, :
TREVOR TASETANO, :
JOSEPH J. KULICK, JR., and :
MARK A. KAYE, :
      Defendants :

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the court for disposition is Defendant Kaye and Defendant Kulick's motion for partial judgment on the pleadings. (Doc. 40). For the following reasons, the court will grant the motion.

## Background

On May 2, 2011, Plaintiffs Peter Luck and Kenneth Wynder (collectively "plaintiffs") entered Mount Airy Casino located in Mount Pocono, Pennsylvania, and spoke with casino security guards. (Doc. 1, Compl. (hereinafter "Compl.") ¶ 17). Defendant Trevor Tasetano (hereinafter "Tasetano"), a Mount Airy Casino security supervisor, asked plaintiffs to leave because they were talking about unions and making the security guards nervous. (Id.) Plaintiffs voluntarily left the casino. (Id.)

They were never notified that they could not return to the premises. (Id.)

On or about May 14, 2011, plaintiffs again went to Mount Airy Casino. (Id. ¶ 14). Plaintiffs sat and played slot machines. (Id.) They were on the premises for approximately one hour when security responded to a nearby scuffle involving other patrons. (Id.) Three security guards surrounded plaintiffs. (Id.) Tasetano demanded identification from plaintiffs. (Id. ¶¶ 5, 14). Plaintiffs asked why they were being questioned. (Id. ¶ 14). Tasetano told them that they were not permitted on the premises because of the May 2nd incident. (Id.)

Plaintiffs stated that they did not want any trouble and would voluntarily leave. (Id. ¶ 14). Tasetano said they could not leave and that he was calling the Pennsylvania State Police. (Id.) Security escorted plaintiffs to the front of the casino where they met two Pennsylvania State Troopers, Defendant Mark A. Kaye (hereinafter "Kaye") and Defendant Joseph J. Kulick, Jr. (hereinafter "Kulick"). (Id. ¶ 15). The troopers escorted plaintiffs to an upstairs office. (Id.) Defendant Lianne R. Asbury, Director of Casino Security, (hereinafter "Asbury") and Tasetano prompted the troopers to arrest plaintiffs. (Id.) Kaye and Kulick arrested plaintiffs and issued them citations for criminal trespass. (Id.)

2

On or about June 7, 2011, following a trial on the criminal trespass charges, plaintiffs were found not guilty. (Id. ¶ 22). All the charges were dismissed or terminated in their favor. (Id.)

On May 11, 2012, plaintiffs filed an eight-count complaint pursuant to 42 U.S.C. § 1983 and § 1988 against the Pennsylvania State Police, Kaye, Kulick, Mount Airy Casino, Asbury and Tasetano. Count I alleges false arrest and false imprisonment, Count II alleges malicious prosecution and Count III charges defendants with conspiracy. In Count IV, plaintiffs assert a failure to train and supervise claim against the Pennsylvania State Police pursuant to 42 U.S.C. § 1983 and § 1988. Additionally, plaintiffs assert four state law claims against all of the defendants: Count V, a state constitutional claim for false arrest and false imprisonment pursuant to Article I, Section 8 of the Pennsylvania Constitution; Count VI, false arrest and false imprisonment pursuant to state law; Count VII, malicious prosecution pursuant to state law; and Count VIII, intentional infliction of emotion distress pursuant to state law.

On July 16, 2012, Defendants Pennsylvania State Police, Kaye and Kulick and Defendants Mount Airy Casino, Asbury and Tasetano filed motions to dismiss plaintiffs' complaint for failure to state a claim pursuant

to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Docs. 14,15). By memorandum and order dated October 4, 2012, the court granted, in part, and denied, in part, defendants' motions to dismiss. (Doc. 25).

The surviving claims against Asbury, Tasetano, Kaye and Kulick, in their individual capacities, are: Count I, false arrest and false imprisonment pursuant to Sections 1983 and 1988; Count III, conspiracy pursuant to Sections 1983 and 1988; Count VI, false arrest and false imprisonment pursuant to state law; Count VII, malicious prosecution pursuant to state law; and Count VIII, intentional infliction of emotion distress pursuant to state law.

On November 21, 2012, the state troopers, Defendants Kaye and Kulick, filed a motion for partial judgment on the pleadings (Doc. 40) pursuant to Federal Rule of Civil Procedure 12(c). Kaye and Kulick seek judgment in their favor on plaintiffs' state law claims, Counts VI-VIII of the complaint. The parties briefed the issues bringing the case to its present posture.

**Jurisdiction**

Plaintiffs bring this case under 42 U.S.C. § 1983 (hereinafter "Section 1983") and 42 U.S.C. § 1988 (hereinafter "Section 1988") for violation of

4

plaintiffs' constitutional rights. Thus, the court has federal question jurisdiction. See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); 28 U.S.C. §§ 1343(a)(3), (4) (granting district courts jurisdiction over civil actions brought to redress deprivations of constitutional or statutory rights by way of damages or equitable relief). The court has supplemental jurisdiction over plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a).

**Legal Standard**

Defendants Kaye and Kulick have filed a motion for partial judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), which provides that "[a]fter the pleadings are closed–but early enough not to delay trial–a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). Under Rule 12(c), judgment will not be granted:

> unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law. In considering a motion for judgment on the pleadings, the trial court is required to view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party. In this fashion the courts hope to insure that the rights of the nonmoving party are decided as fully and fairly on a rule 12(c) motion, as if there had been a trial.

5

Inst. for Scientific Info., Inc. v. Gordon & Breach Sci. Publishers, Inc., 931 F.2d 1002, 1004 (3d Cir. 1991) (citing Society Hill Civic Ass'n v. Harris, 632 F.2d 1045, 1054 (3d Cir. 1980); 5C CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE, § 1367 at 205 (3d ed. 2004)); see also Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 220 (3d Cir. 2005) (finding that under Rule 12(c) "[j]udgment will not be granted unless the movant clearly establishes there are no material issues of fact, and he is entitled to judgment as a matter of law.").

**DISCUSSION**

Defendants Kaye and Kulick move for partial judgment on the pleadings pertaining to three state law claims: Count VI - False Arrest & False Imprisonment, Count VII - Malicious Prosecution, and Count VIII - Intentional Infliction of Emotional Distress. Kaye and Kulick argue sovereign immunity bars plaintiffs' state law claims. As such, we will determine whether sovereign immunity applies, and if so, whether it bars plaintiffs' state law claims.

A. Sovereign Immunity

Commonwealth employees, such as state troopers Kaye and Kulick,

enjoy immunity from most state law claims.[1] Brautigam v. Fraley, 684 F. Supp. 2d 589, 593 (M.D. Pa. 2010); La Frankie v. Miklich, 618 A.2d 1145, 1148 (Pa. Commw. Ct. 1992). Sovereign immunity "applies to Commonwealth employees in both their official and individual capacities." Larson v. State Emps.' Ret. Sys., 553 F. Supp. 2d 403, 420 (M.D. Pa. 2008) (citing Maute v. Frank, 657 A.2d 985, 986 (Pa. Super. Ct. 1995). Sovereign immunity protects Commonwealth employees from liability when their actions: (1) cannot fit into one of the nine statutory sovereign immunity exceptions; (2) are not negligent; and (3) occur within the scope of their employment. La Frankie, 618 A.2d 1145, 1149. We address each element *ad seriatim*.

---

[1]
> Pursuant to section 11 of Article 1 of the Constitution of Pennsylvania, it is hereby declared to be the intent of the General Assembly that the Commonwealth, and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign immunity and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity. When the General Assembly specifically waives sovereign immunity, a claim against the Commonwealth and its officials and employees shall be brought only in such manner and in such courts and in such cases as directed by the provisions of Title 42 (relating to judiciary and judicial procedure) or 62 (relating to procurement) unless otherwise specifically authorized by statute.

1 PA. CONS. STAT. ANN § 2310.

7

1. Sovereign Immunity Exceptions

The General Assembly has expressed only nine exceptions to the grant of sovereign immunity. The exceptions are based on acts of Commonwealth employees. Specifically, the defense of sovereign immunity shall not be raised to claims caused by: (1) the operation of any motor vehicle in the possession or control of a Commonwealth party; (2) acts of health care employees of Commonwealth agency medical facilities or institutions or by a Commonwealth party who is a doctor, dentist, nurse or related health care personnel; (3) the care, custody or control of personal property in the possession or control of Commonwealth parties; (4) a dangerous condition of Commonwealth agency real estate and sidewalks; (5) a dangerous condition of highways under the jurisdiction of a Commonwealth agency created by potholes or sinkholes or other similar conditions created by natural elements; (6) the care, custody or control of animals in the possession or control of a Commonwealth party; (7) the sale of liquor at Pennsylvania liquor stores; (8) acts of a member of the Pennsylvania military forces; or (9) the administration, manufacture and use of a toxoid or vaccine. 42 PA. CONS. STAT. ANN § 8522(b).

In the present case, analyzing Kaye and Kulick's actions against the

sovereign immunity exceptions reveals that none of the exceptions apply. Here, Kaye and Kulick escorted plaintiffs to an upstairs office. (Compl. ¶ 15). Kaye and Kulick arrested and issued plaintiffs citations for criminal trespass. (Id.) Kaye and Kulick then released plaintiffs and escorted them out of the casino. (Id.) Kay and Kulick's actions of escorting, arresting and issuing citations to plaintiffs do not fall under any of the nine sovereign immunity exceptions. Moreover, plaintiffs' brief in opposition to Kaye and Kulick's motion for partial judgment on the pleadings fails to argue that any of the sovereign immunity exceptions apply. As a result, Kaye and Kulick have satisfied the first element of the sovereign immunity test.

2. Negligence

Having found that none of the sovereign immunity exceptions apply, we address whether the alleged act which caused injury was negligent such that damages would be recoverable but for the availability of the immunity defense. However, none of plaintiffs' claims sound in negligence. Plaintiffs' claims are based upon the intentional torts of false arrest, malicious prosecution and intentional infliction of emotional distress.

Pennsylvania courts have consistently found sovereign immunity applies to intentional torts. See La Frankie, 618 A.2d at 1149; see also

Stone v. Felsman, No. 3:10-CV-0442, 2011 WL 5320738 at *11 (M.D. Pa. Nov. 1, 2011) (finding state law claims of assault, battery, false arrest, false imprisonment and malicious prosecution are barred by sovereign immunity); Fischer v. Pa. State Police, No. 4:07-CV-1653, 2009 WL 650251 at *12 (M.D. Pa. March 10, 2009) (holding claim of intentional infliction of emotional distress against Pennsylvania State Police is barred by sovereign immunity). As such, Kaye and Kulick satisfy the second element of the sovereign immunity test.

3. Acting within the Scope of Employment

Finally, we analyze whether Kaye and Kulick were acting within the scope of their employment. "Conduct of an employee is within the scope of employment if it is of a kind and nature that the employee is employed to perform; it occurs substantially within the authorized time and space limits; [and] it is actuated, at least in part, by a purpose to serve the employer . . . ." Larson, 553 F. Supp. 2d at 420.

In this regard, the parties' complaint and answer establish undisputed facts that Kaye and Kulick were acting within the scope of their employment by arresting and issuing citations to plaintiffs.[2] Moreover,

---

[2] See (Compl. ¶ 8; Doc. 30, Kaye and Kulick's Answer (hereinafter "Commonwealth Answer") ¶ 8) (stating Kaye and Kulick are employees of

10

Kaye and Kulick arrested plaintiffs in their capacity as state police officers, during their normal work hours. (Compl. ¶ 15; Commonwealth Answer ¶ 15). Accordingly, Kaye and Kulick were acting within the scope of their employment when they arrested plaintiffs.

**Conclusion**

Kaye and Kulick have satisfied the three-part sovereign immunity test. First, Kaye and Kulick's actions do not fit within one of the nine sovereign immunity exceptions. Second, Kaye and Kulick's actions are based upon intentional torts and do not sound in negligence. Finally, Kaye and Kulick were acting within the scope of their employment by arresting and issuing citations to plaintiffs. As such, the court finds that sovereign immunity applies and thereby bars plaintiffs' state law claims against Kaye and Kulick. Accordingly, the motion for partial judgment on the pleadings will be granted. An appropriate order follows.

---

the Pennsylvania State Police); (Compl. ¶ 10; Commonwealth Answer ¶ 10) (stating at all pertinent times, Kaye and Kulick acted within the scope of their employment).

11

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PETER C. LUCK and<br>KENNETH N. WYNDER,<br>    Plaintiffs | : <br>: <br>: <br>: | No. 3:12cv0887 <br><br>(Judge Munley) |
| v. | : <br>: | |
| LIANNE R. ASBURY,<br>TREVOR TASETANO,<br>JOSEPH J. KULICK, JR., and<br>MARK A. KAYE,<br>    Defendants | : <br>: <br>: <br>: <br>: | |

## ORDER

**AND NOW**, this 5th day of February 2013, Defendants Kaye and Kulick's motion for partial judgment on the pleadings (Doc. 40) is hereby **GRANTED** on Counts VI, VII and VIII. The Clerk of Court is directed to enter judgment in Defendant Kaye and Kulick's favor and against plaintiffs on Counts VI, VII and VIII.

                                          **BY THE COURT:**

                                          **s/ James M. Munley**
                                          **JUDGE JAMES M. MUNLEY**
                                          **United States District Court**