## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PETER C. LUCK, and** | : | **No. 3:12-cv-887** |
| **KENNETH N. WYNDER, JR.** | : | |
| **Plaintiffs** | : | **(Judge Munley)** |
| | : | |
| **v.** | : | |
| | : | |
| **MOUNT AIRY #1, LLC,** | : | |
| **LIANNE R. ASBURY,** | : | |
| **TREVOR TASETANO,** | : | |
| **JOSEPH J. KULICK, JR. and** | : | |
| **MARK A. KAYE** | : | |
| **Defendants** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## <u>MEMORANDUM</u>

Before the court for disposition are Defendants Mount Airy #1, LLC, Lianne R. Asbury and Trevor Tasetano (hereinafter "Casino Defendants") and State Troopers Joseph J. Kulick, Jr. and Mark A. Kaye's (hereinafter "Commonwealth Defendants") motions for summary judgment.  (Docs. 88 & 89).  The motions are fully briefed and ripe for disposition.

## Background

The instant civil rights action arose from Plaintiffs Peter C. Luck and Kenneth N. Wynder, Jr.'s (collectively "plaintiffs") interactions with the Casino and Commonwealth Defendants.  On May 2, 2011, plaintiffs entered Mount Airy Casino (hereinafter "Mt. Airy" or "the casino") and

spoke with casino security guards concerning possible unionization.  (Doc. 90, Commw. Defs.' Statement of Material and Undisputed Facts (hereinafter "Commw. Defs.' SMF")  ¶¶ 18-19).  Defendant Trevor Tasetano (hereinafter "Tasetano"), a Mount Airy security supervisor, approached plaintiffs and asked for identification.  (Id. ¶¶ 21- 23).  After plaintiffs refused to furnish identification, Tasetano directed plaintiffs to leave.  (Id.) The parties dispute whether Tasetano also advised plaintiffs that they could never return to the casino.  (Commw. Defs.' SMF ¶ 23; Doc. 95-1, Pls.' Resp. Statement. to Com. Defs.' SMF (hereinafter "Pls.' Resp. Stat.") ¶ 23).

On May 14, 2011, plaintiffs returned to Mount Airy.  (Commw. Defs.' SMF ¶ 25).  Defendant Tasetano and other security guards surrounded plaintiffs on the gaming floor.  (Id. ¶ 26; Doc. 88-2, Ex. N., Dep. of Wynder (hereinafter "Wynder Dep.") at 97-98).  Tasetano reminded plaintiffs that he told them on May 2, 2011 never to return to the casino.  (Commw. Defs.' SMF ¶ 26).

Tasetano then contacted the Commonwealth Defendants.  (Commw. Defs.' SMF ¶ 27).  The Commonwealth Defendants met plaintiffs and Tasetano on the gaming floor.  (Id. ¶ 28).  Commonwealth Defendants

2

then escorted plaintiffs to an upstairs office and issued plaintiffs citations for criminal trespass.  (Id. ¶ 46).  On June 7, 2011, following a criminal summary trial on the trespass charges, plaintiffs were found not guilty. (Id. ¶ 68).

In response, plaintiffs filed an eight-count complaint pursuant to 42 U.S.C. § 1983 and §1988 against the Commonwealth and Casino Defendants.  After several motions and court orders, plaintiffs filed a seven-count amended complaint on August 15, 2013.  (Doc. 81).  Count I alleges false arrest and false imprisonment claims under 42 U.S.C. §§ 1983 and 1988 against the individual Casino Defendants–Asbury and Tasetano (hereinafter "individual Casino Defendants").  Count II alleges sections 1983 and 1988 false arrest and false imprisonment claims against the Commonwealth Defendants.  In count III, plaintiffs assert a civil conspiracy claim under sections 1983 and 1988 against the Commonwealth Defendants and individual Casino Defendants.  Counts IV through VII aver several state law claims against the Casino Defendants: Count IV, civil conspiracy; Count V, false arrest and false imprisonment; Count VI, malicious prosecution and Count VII, intentional infliction of emotional distress.

3

At the conclusion of discovery the Casino and Commonwealth Defendants filed motions for summary judgment.  (Docs. 88 & 89).  The parties then briefed the issues bringing the case to its present posture.

### Jurisdiction

Plaintiffs bring this case under 42 U.S.C. § 1983 ("Section 1983") and 42 U.S.C. § 1988 ("Section 1988") for violation of plaintiffs' constitutional rights.  Thus, the court has federal question jurisdiction. See U.S.C. § 1331.  ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); 28 U.S.C. §§ 1343(a)(3), (4) (granting district courts jurisdiction over civil actions brought to redress deprivations of constitutional or statutory rights by way of damages or equitable relief). The court has supplemental jurisdiction over plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a).

### Legal Standard

Granting summary judgment is proper "'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'"

4

See Knabe v. Boury, 114 F.3d 407, 410 n.4 (3d Cir. 1997) (quoting FED. R. CIV. P. 56(c)). "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original).

In considering a motion for summary judgment, the court must examine the facts in the light most favorable to the party opposing the motion. Int'l Raw Materials, Ltd. v. Stauffer Chem. Co., 898 F.2d 946, 949 (3d Cir. 1990). The burden is on the moving party to demonstrate that the evidence is such that a reasonable jury could not return a verdict for the non-moving party. Anderson, 477 U.S. at 248. A fact is material if it might affect the outcome of the suit under the governing law. Id. Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by establishing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial. Celotex v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies its burden, the burden shifts to the non-moving party, who must go beyond its

5

pleadings, and designate specific facts with affidavits, depositions, admissions, or answers to interrogatories demonstrating that there is a genuine issue for trial.  Id. at 324.

 **Discussion**

In the present case, the defendants are separated into two groups: (1) the Commonwealth Defendants—Pennsylvania State Troopers Mark A. Kaye and Joseph J. Kulick, Jr.; and (2) Mt. Airy and the individual Casino Defendants (collectively the "Casino Defendants").  Both the Commonwealth Defendants and Casino Defendants have filed motions for summary judgment.  (Docs. 88 & 89).  Collectively, they seek summary judgment on all counts within plaintiffs' amended complaint.  The court will address each motion separately.

Initially, the court notes that plaintiffs bring their federal law claims against Commonwealth and Casino Defendants pursuant to 42 U.S.C. § 1983 ("Section 1983").  Section 1983 does not, by its own terms, create substantive rights.  Rather, it provides remedies for deprivations of rights established elsewhere in the Constitution or federal law.  Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996).  Section 1983 states in pertinent part:

> Every person who, under the color of any statute, ordinance, regulation, custom, or usage, of any State or territory or the District of Columbia, subjects, or causes to be subjected, any citizens of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity or other proper proceeding for redress . . . .

42 U.S.C. § 1983.  Thus, to establish a claim under Section 1983, two criteria must be met.  First, the conduct complained of must have been committed by a person acting under color of state law.  Sameric Corp. of Del., Inc. v. City of Phila., 142 F.3d 582, 590 (3d Cir. 1998).  Second, the conduct must deprive the plaintiff of rights secured under the Constitution or federal law.  Id.  Here, the Commonwealth and Casino Defendants only contest whether their conduct deprived plaintiffs of their constitutional rights.  The court will, therefore, assume state action and only address the alleged deprivation of plaintiffs' constitutional rights.

## I. Commonwealth Defendants

Plaintiffs allege three federal causes of action against the Commonwealth Defendants pursuant to Section 1983: (1) false arrest; (2) false imprisonment and (3) civil conspiracy.  In response, the Commonwealth Defendants assert qualified immunity precludes liability on plaintiffs' three federal claims.

Qualified immunity insulates government officials who are performing discretionary functions "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  The Supreme Court has established a two-part analysis that governs whether an official is entitled to qualified immunity.  Saucier v. Katz, 533 U.S. 194, 201 (2001).  We ask: (1) whether the facts alleged by the plaintiff show the violation of a constitutional right; and (2) whether the right at issue was clearly established at the time of the alleged misconduct.  Id.; Kelly v. Borough of Carlisle, 622 F.3d 248, 253 (3d Cir. 2010).  Courts may address the two Saucier prongs in any order, at their discretion.  Pearson v. Callahan, 555 U.S. 223, 236 (2009).  If the plaintiff fails to satisfy either prong, the defendant is entitled to judgment as a matter of law.  See id. at 232.

A right is clearly established if "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Reedy v. Evanson, 615 F.3d 197, 224 (3d Cir. 2010) (quoting Katz, 533 U.S. at 202).  In cases of false arrest, qualified immunity shields state actors from liability if "a reasonable officer could have believed [the arrest]

to be lawful, in light of clearly established law and the information the [arresting] officers possessed." Hunter v. Bryant, 502 U.S. 224, 226 (1991) (quoting Anderson v. Creighton, 483 U.S. 635, 641 (1987)). Law enforcement officials who "reasonably but mistakenly conclude that probable cause is present" are, therefore, entitled to immunity. Id.

The court will first address whether the facts establish a violation of plaintiffs' constitutional rights. The Commonwealth Defendants arrested plaintiffs for criminal trespass. Under Pennsylvania's criminal trespass statute, "probable cause exists for an arrest for criminal trespass when the facts and the circumstances are sufficient for a prudent person to believe that the suspect: (1) entered or broke into a building or occupied structure, (2) knowing that she or he had no license or privilege to do so." Wright v. City of Phila., 409 F.3d 595, 603 (3d Cir. 2005); 18 PA. CONS. STAT. § 3503(a)(2).

Commonwealth Defendants focus their qualified immunity argument on the assertion that they had probable cause to issue citations to plaintiffs. Plaintiffs contend that defendants lacked probable cause. The court agrees with the Commonwealth Defendants.

The Commonwealth Defendants had probable cause to arrest and

9

issue plaintiffs criminal trespass citations.  Although no precise definition

for probable cause exists, the Supreme Court has explained that police

officers possess sufficient probable cause when (1) there is a reasonable

ground for belief of guilt determined from the totality of the circumstances,

and (2) the belief of guilt is particularized with respect to the individual

searched or seized.  <u>Maryland v. Pringle</u>, 540 U.S. 366, 371 (2003); <u>see</u>

<u>also</u> <u>Orsatti v. N.J. State Police</u>, 71 F.3d 480, 483 (3d Cir. 1995) (finding

probable cause to arrest exists when the facts and circumstances within

the arresting officer's knowledge are sufficient in themselves to warrant a

reasonable person to believe that the offense has been or is being

committed by the person to be arrested.).

Here, the Commonwealth Defendants' comprehensive investigation

enhances their assertion that they had probable cause to issue criminal

trespass citations to plaintiffs.  Specifically, the Commonwealth

Defendants spoke with Defendant Tasetano.  Tasetano stated that

plaintiffs were at the casino on May 2, 2011, told to leave and directed

never to return.  (Com. SMF ¶¶ 27, 30-31 & 58; Doc. 90-4, Dep. of Kaye

(hereinafter "Kaye Dep." at 27)); Doc. 90-4, Kaye State Police

Investigation Report dated 8/16/11 at 1).  The Commonwealth Defendants

did not take Tasetano's statements verbatim.  Rather, they asked

Tasetano whether plaintiffs were issued trespass letters.  (Kaye Dep. at

39-40).  In response to the Commonwealth Defendants' questioning,

Tasetano stated that plaintiffs would not produce identification on May

2nd.  (Id.)  As such, Tasetano failed to mail trespass letters because he

did not know plaintiffs' identities or their mailing addresses.  (Id.)

Additionally, the Commonwealth Defendants had no reason to

question Tasetano's truthfulness because Tasetano had always given the

Commonwealth Defendants correct and accurate information.  (Id. at 39,

44-45); see Karkut v. Target Corp., 453 F. Supp. 2d 874, 883-84 (E.D. Pa.

2006) (finding that the report of a trustworthy security guard establishes

probable cause for an arrest).  In short, the totality of the circumstances

demonstrates that the Commonwealth Defendants did not deprive

plaintiffs of their constitutional rights because they had probable cause to

issue criminal trespass citations to the plaintiffs.  As such, the

Commonwealth Defendants are entitled to assert qualified immunity,

which directs judgment as a matter of law in their favor on all of plaintiffs'

federal claims.

## II. Casino Defendants

Plaintiffs assert three federal claims against the individual Casino Defendants: (1) false arrest; (2) false imprisonment and (3) civil conspiracy.  Plaintiffs also state five state law causes of action against the Casino Defendants: (1) false arrest; (2) false imprisonment; (3) civil conspiracy; (4) malicious prosecution and (5) intentional infliction of emotional distress.  The Casino Defendants contend that they are entitled to summary judgment on all claims.  The court will address plaintiffs' federal and state law claims *in seriatim*.

### A. False Arrest

Plaintiffs allege both sections 1983 and 1988 and state law false arrest claims against the Casino Defendants.  Under Pennsylvania state tort law, a false arrest is "1) an arrest made without probable cause or 2) an arrest made by a person without privilege to do so."  <u>McGriff v. Vidovich</u>, 699 A.2d 797, 799 (Pa. Commw. Ct. 1997).   "'Arrest' is defined in § 112 of the Restatement [(second) of Torts] as 'the taking of another into the custody of the actor for the actual or purported purpose of bringing the other before a court or of otherwise securing the administration of the law.'"  <u>Gagliardi v. Lynn</u>, 285 A.2d 109, 111 n.3 (Pa. 1971).  Likewise,

under federal civil rights law, a false arrest is an arrest made without probable cause.  Orsatti v. N.J. State Police, 71 F.3d 480, 482 (3d Cir. 1995).  Such an arrest is a violation of the Constitution's Fourth Amendment.  Id.

In the instant case, plaintiffs were arrested for criminal trespass which, among other elements, requires that a person committing the offense have prior notice that they are prohibited from entering a specific place.  18 PA. CONS. STAT. ANN. § 3503(b)(1)(i).  The plaintiffs and Casino Defendants dispute whether Tasetano directed plaintiffs on May 2, 2011 not to return to the casino.

Plaintiffs aver that Tasetano failed to advise them on May 2, 2011 that they were never permitted to return.  (Wynder Dep. at 97). Additionally, plaintiffs contend that Mount Airy's trespass policy requires casino employees to identify individuals and mail corresponding trespass letters.  (Doc. 88-2, Ex. I., Dep. of Asbury (hereinafter "Asbury Dep.") at 41).  Plaintiffs, however, refused to provide identification on May 2, 2011, and never received trespass letters.  Accordingly, plaintiffs argue that they were ejected for the day only.  (Wynder Dep. at 96-97).

13

Casino Defendants contend that Tasetano informed plaintiffs that they were trespassing on May 2, 2011 and directed them never to return. (Doc. 88-2, Ex. J., Dep. Of Tasetano (hereinafter "Tasetano Dep.") at 47-58, 64).  Furthermore, the Casino Defendants argue that Pennsylvania's trespass statute does not require written trespass letters.  Rather, Tasetano's verbal directive never to return provided sufficient notice under Pennsylvania's trespass statute.

Here, a genuine issue of material fact exists regarding whether Tasetano directed plaintiffs never to return to the casino on May 2, 2011. Because Pennsylvania's criminal trespass statute requires an individual to know that they have no right or privilege to enter a building, the issue of what Tasetano said or did not say to plaintiffs on May 2, 2011 must be decided by a jury.  Accordingly, viewing the evidence in the light most favorable to plaintiffs, a reasonable jury could conclude that Casino Defendants may have lacked probable cause and falsely arrested plaintiffs because Tasetano did not verbally advise plaintiffs on May 2, 2011 that plaintiffs could never return.  Thus, the Casino Defendants' motion for summary judgment on this issue will be denied.

## B. False Imprisonment

Plaintiffs allege both sections 1983 and 1988 and state law false imprisonment claims against Casino Defendants.  To establish the tort of false imprisonment under Pennsylvania state law, plaintiff must demonstrate that: (1) he was detained; and (2) the detention was unlawful. Gwynn v. City of Phila., 719 F.3d 295, 304 n. 4 (3d Cir. 2013) (citing Renk v. City of Pittsburgh, 537 Pa. 68, 641 A.2d 289 (1994)).  More specifically, liability for false imprisonment attaches where: (a) one acts intending to confine another within boundaries fixed by the actor, (b) his act results in such a confinement of the other, and (c) the other is conscious of the confinement or is harmed by it.  Gagliardi, 285 A.2d at 111 n.2.  Similarly, an arrest made without probable cause may give rise to a civil rights claim for false imprisonment under federal law.  See James v. City of Wilkes-Barre, 700 F.3d 675, 683-84 (3d Cir. 2012) (noting that a false imprisonment claim under section 1983 "which is based on an arrest made without probable cause . . . is grounded in the Fourth Amendment's guarantee against unreasonable seizures.").

In the instant case, the Casino Defendants' false imprisonment argument mirrors their false arrest argument–the Casino Defendants had

15

probable cause to arrest plaintiffs.  As previously stated, viewing the

evidence in the light most favorable to plaintiffs, a reasonable jury could

conclude that Casino Defendants may have lacked probable cause and

falsely arrested plaintiffs.  Ergo, the Casino Defendants' motion for

summary judgment on plaintiffs false imprisonment claims will be denied.

### C. Civil Conspiracy

Plaintiffs allege both sections 1983 and 1988 and state law civil

conspiracy claims against Casino Defendants.  To allege a civil conspiracy

claim under Section 1983, a plaintiff must establish the elements of a state

law conspiracy claim.  Ammlung v. City of Chester, 494 F.2d 811, 814 (3d

Cir. 1974).  In Pennsylvania, those elements are: "(1) a combination of two

or more persons acting with a common purpose to do an unlawful act or to

do a lawful act by unlawful means or for an unlawful purpose; (2) an overt

act done in pursuance of the common purpose; and (3) actual legal

damage."  Phillips v. Selig, 959 A.2d 420, 437 (Pa. Super. Ct. 2008).

Additionally, proof of malice, or an intent to injure, is also an essential part

of a cause of action for conspiracy.  Thompson Coal Co. v. Pike Coal Co.,

488 Pa. 198, 211 (Pa. 1979).  "Bare conclusory allegations of 'conspiracy'

or 'concerted action' will not suffice to allege a conspiracy.  The plaintiff

must allege an agreement or make averments of communication,

consultation, cooperation, or command from which such an agreement

can be inferred." Flanagan v. Shively, 783 F. Supp. 922, 928 (M.D. Pa.

1992).

In support of their civil conspiracy claims, plaintiffs allege that the

Casino Defendants directed the Commonwealth Defendants to arrest

them.  Plaintiffs also claim that the longstanding relationship between

State Trooper Kaye and Defendant Tasetano establishes that Kaye took

Tasetano's version of events verbatim.  (Kaye Dep. at 21-23).  The Casino

Defendants contend that the undisputed facts fail to establish that the

Casino and Commonwealth Defendants acted with a common purpose to

unlawfully arrest plaintiffs.  After careful review, the court agrees with the

Casino Defendants.

The Casino and Commonwealth Defendants did not act with a

common purpose to falsely arrest plaintiffs.  As previously stated, the

Commonwealth Defendants conducted a comprehensive investigation

prior to issuing plaintiffs citations and did not simply take Tasetano's

statements verbatim.  Rather, they asked Tasetano whether plaintiffs were

issued trespass letters.  (Kaye Dep. at 39-40).  Tasetano replied that

17

plaintiffs would not produce identification on May 2nd.  (Id.)  As such,

Tasetano had no idea who plaintiffs were and was unable to issue

trespass letters.  (Id.)

Plaintiffs' assertions do not extend beyond bare, conclusory

allegations and thus, do not permit a reasonable jury to reach the

conclusion that defendants conspired to arrest and imprison the plaintiffs.

Therefore, the court will grant the Casino Defendants' motion for summary

judgment on plaintiffs' federal and state law civil conspiracy claims.

### D. Malicious Prosecution

Plaintiffs also allege a state law malicious prosecution claim against

the Casino Defendants.  Under Pennsylvania law, a plaintiff asserting a

malicious prosecution claim must prove: (1) the institution of a proceeding

against plaintiff without probable case and with malice, and (2) the

proceedings terminated in plaintiff's favor.  Gilbert v. Feld, 842 F. Supp.

803, 814 (E.D. Pa 1993) (citing Griffiths v. CIGNA Corp., 988 F.2d 457,

463 (3d Cir. 1993); Kelley v. Gen. Teamsters, Local Union 249, 518 Pa.

517, 544 (1988)).

Plaintiffs allege that the Casino Defendants' referral to the

Commonwealth Defendants instituted the criminal proceeding.  Plaintiffs

18

also argue that the Casino Defendants treated other solicitors differently, which demonstrates malice.  (Asbury Dep. at 58-65).  Specifically, the Casino Defendants wanted to make an example out of the plaintiffs that the Casino Defendants would aggressively enforce their no solicitation policy.  (Id.)  Finally, plaintiffs aver that the second element was met because the criminal trespass proceedings terminated in their favor.  (See Doc. 81-1, Wydner docket 43402-NT-205-2011 at 1-2; Doc. 81-1, Luck docket 430402-NT-206-2011 at 3-4).

Confronted with these facts, the Casino Defendants generally deny that they "initiated the proceeding without probable cause or acted maliciously or for a purpose other than bringing plaintiffs to justice."  (Doc. 88, Commw. Br. in Support Mot. for Summ. J. at 20).  The Casino Defendants' conclusory denial, however, does not satisfy their summary judgment burden.  Specifically, the Casino Defendants have failed to establish that plaintiffs' evidence would be insufficient to carry plaintiffs' burden of proof at trial. Celotex, 477 U.S. 317 at 322.  Thus, the court rejects the Casino Defendants' conclusory denial and will deny their motion for summary judgment on plaintiff's state law malicious prosecution claim.

19

### E. Intentional Infliction of Emotional Distress

Finally, plaintiffs assert a state law claim for intentional infliction of emotional distress (hereinafter "IIED").  To prove an IIED claim under Pennsylvania law, the plaintiff must establish that the defendant intentionally or recklessly engaged in extreme and outrageous conduct and that this conduct caused plaintiff severe emotional distress.  Kazatsky v. King David Memorial Park, 527 A.2d 988, 993 (Pa. 1987); Hoy v. Angelone, 691 A.2d 476, 610 (Pa. Super. Ct.1996).  "Extreme and outrageous" conduct is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of human decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Strain v. Ferroni, 592 A.2d 698, 704 n.4 (Pa. Super. Ct. 1991).

Additionally, the plaintiff must demonstrate physical injury or harm. Robinson v. May Department Stores Co., 246 F. Supp. 2d 440, 444 (E.D. Pa. 2003); see also Kazatsky, 527 A.2d at 995 (requiring "at the very least, [the] existence of the alleged emotional distress [to] be supported by competent medical evidence"); Reeves v. Middletown Athletic Ass'n, 866 A.2d 1115, 1122-2323 (Pa. Super. Ct. 2004) (noting that "[i]n addition, a plaintiff must suffer some type of resulting physical harm due to the

defendant's outrageous conduct.").

Finally, at the summary judgment stage, the party alleging IIED must present expert medical evidence of emotional distress.  Robinson, 246 F. Supp. 2d at 444 (granting summary judgment because plaintiff failed to produce medical evidence of emotional distress); DeBellis v. Kulp, 166 F. Supp. 2d 255, 281 (E.D. Pa. 2001) (stating that "[t]o recover for intentional infliction of emotional distress in Pennsylvania, a plaintiff must support the claim of emotional distress with competent medical evidence, in the form of expert medical evidence.").

In the instant case, the court will deny plaintiffs' IIED claim.  Plaintiffs allege emotional injury, but fail to provide copies of hospital records or expert medical reports substantiating their emotional injury.  Because Pennsylvania law requires competent medical evidence to sustain a claim for IIED, the Casino Defendants are entitled to summary judgment on this claim.  See Hunger v. Grand Cent. Sanitation, 670 A.2d 173, 178 (Pa. Super. Ct. 1996) (holding that judgment as a matter of law is appropriate when a plaintiff fails to oppose a defendant's summary judgment motion with competent medical evidence supporting their claim).

**Conclusion**

For the above-stated reasons stated above, the Commonwealth Defendants' motion for summary judgment will be granted, and the Casino Defendants' motion for summary judgment will be granted in part and denied in part.  The Casino Defendants' motion will be granted with respect to plaintiffs' section 1983 and state law civil conspiracy claims and plaintiffs' state law intentional infliction of emotional distress claim.  The motion will be denied in all other respects.

Thus, the remaining claims are: Count One–section 1983 and 1988 false arrest and false imprisonment against the individual Casino Defendants; Count Five–state law false arrest and false imprisonment against Mt. Airy and the individual Casino Defendants and Count Six–state law malicious prosecution against Mt. Airy and the individual Casino Defendants.  An appropriate order follows.

**Date:  8/19/14**                              **s/ James M. Munley**
                                                **JUDGE JAMES M. MUNLEY**
                                                **United States District Court**