**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **PETER C. LUCK, and** | : | **No. 3:12cv887** |
| **KENNETH N. WYNDER, JR.** | : | |
| **Plaintiffs** | : | **(Judge Munley)** |
| | : | |
| **v.** | : | |
| | : | |
| **MOUNT AIRY #1, LLC,** | : | |
| **LIANNE R. ASBURY,** | : | |
| **TREVOR TASETANO,** | : | |
| **Defendants** | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

**<u>MEMORANDUM</u>**

Before the court for disposition is plaintiffs' motion in limine filed in advance of the pretrial conference. The motion has been fully briefed and is ripe for disposition.

**Background**

The instant civil rights action arose from Plaintiffs Peter C. Luck and Kenneth N. Wynder, Jr.'s (collectively "plaintiffs") interactions with Defendants Mount Airy #1, LLC, Lianne R. Asbury and Trevor Tasetano (hereinafter "Casino Defendants") and Defendants State Troopers Joseph J. Kulick, Jr. and Mark A. Kaye's (hereinafter "Commonwealth Defendants").

On May 2, 2011, plaintiffs entered Mount Airy Casino (hereinafter "Mt. Airy" or "the casino") and spoke with casino security guards concerning possible unionization. (Doc. 90, Commw. Defs.' Statement of

Material and Undisputed Facts (hereinafter "Commw. Defs.' SMF")  ¶¶ 18-19).  Defendant Trevor Tasetano (hereinafter "Tasetano"), a Mount Airy security supervisor, approached plaintiffs and asked for identification.  (Id. ¶¶ 21- 23).  After plaintiffs refused to furnish identification, Tasetano directed plaintiffs to leave.  (Id.)  The parties dispute whether Tasetano also advised plaintiffs that they could never return to the casino. (Commw. Defs.' SMF ¶ 23; Doc. 95-1, Pls.' Resp. Statement. to Com. Defs.' SMF (hereinafter "Pls.' Resp. Stat.") ¶ 23).

On May 14, 2011, plaintiffs returned to Mount Airy.  (Commw. Defs.' SMF ¶ 25).  Defendant Tasetano and other security guards surrounded plaintiffs on the gaming floor.  (Id. ¶ 26; Doc. 88-2, Ex. N., Dep. of Wynder (hereinafter "Wynder Dep.") at 97-98).  Tasetano reminded plaintiffs that he told them on May 2, 2011 never to return to the casino.  (Commw. Defs.' SMF ¶ 26).

Tasetano then contacted the Commonwealth Defendants.  (Commw. Defs.' SMF ¶ 27).  The Commonwealth Defendants met plaintiffs and Tasetano on the gaming floor.  (Id. ¶ 28).  Commonwealth Defendants then escorted plaintiffs to an upstairs office and issued them citations for criminal trespass.  (Id. ¶ 46).  On June 7, 2011, following a criminal

2

summary trial on the trespass charges, plaintiffs were found not guilty. (Id. ¶ 68).

Plaintiffs then filed an eight-count complaint pursuant to 42 U.S.C. § 1983 and § 1988 against the Commonwealth and Casino Defendants. After the completion of discovery and motions for summary judgment, the remaining counts and defendants are: Count One–section 1983 and 1988 false arrest and false imprisonment against Defendants Asbury and Tasetano (hereinafter the "individual Casino Defendants"); Count Five–state law false arrest and false imprisonment against Mt. Airy and the individual Casino Defendants and Count Six–state law malicious prosecution against Mt. Airy and the individual Casino Defendants.

A pretrial conference has been scheduled, and in accordance with the court's rule, plaintiffs have filed a motion in limine to preclude evidence or questioning concerning the following prior administrative proceedings and litigation: (1) Plaintiff Wynder's bankruptcy filings and disability retirement claim; (2) Plaintiff Wynder's race discrimination lawsuit filed in the United States District Court for the Eastern District of New York against his employer the New York State Police and (3) the New York State Police's administrative charges and disciplinary proceedings against

Plaintiff Wynder.

Initially, the court notes that plaintiffs' motion in limine seeks to exclude other administrative proceedings that **plaintiffs** have been involved in–both Plaintiff Luck and Plaintiff Wynder.  A review of the administrative and judicial proceedings, however, establishes that Plaintiff Luck was not a party to any of the administrative or judicial proceedings. Therefore, Plaintiff Luck's motion to exclude evidence will be denied as moot.  The court will next address Plaintiff Wynder's administrative or judicial proceedings.

 **1.  Plaintiff Wynder's bankruptcy filings and disability retirement claim**

Plaintiff Wynder seeks to preclude from trial any reference to his prior bankruptcy filings and retirement claim with the New York State Retirement System.  Plaintiff asserts this information is irrelevant.  Mt. Airy and the individual Casino Defendants (collectively "defendants") argue that they have an absolute right to elicit information relating to Plaintiff Wynder's prior bankruptcy proceedings and retirement claim.  After careful consideration, the court agrees with Plaintiff Wynder.

Federal law provides that relevant evidence is generally admissible.

FED. R. EVID. 402.  "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  FED. R. EVID. 401.  "The plain meaning of the Rule demonstrates that the scope of relevant evidence is intended to be broad, and the authorities support such a broad reading."  McQueeney v. Wilmington Trust Co., 779 F.2d 916, 922 (3d Cir. 1985).

In the instant case, the remaining claims are: false arrest, false imprisonment and malicious prosecution.  Under Pennsylvania state tort law, a false arrest is "1) an arrest made without probable cause or 2) an arrest made by a person without privilege to do so."  McGriff v. Vidovich, 699 A.2d 797, 799 (Pa. Commw. Ct. 1997).   "'Arrest' is defined in § 112 of the Restatement [(second) of Torts] as 'the taking of another into the custody of the actor for the actual or purported purpose of bringing the other before a court or of otherwise securing the administration of the law.'"  Gagliardi v. Lynn, 285 A.2d 109, 111 n.3 (Pa. 1971).  Likewise, under federal civil law, a false arrest is an arrest made without probable cause.  Orsatti v. N.J. State Police, 71 F.3d 480, 482 (3d Cir. 1995).  Such an arrest is a violation of the Constitution's Fourth

Amendment.  Id.

　　　To establish the tort of false imprisonment under Pennsylvania state law, plaintiff must demonstrate that: (1) he was detained; and (2) the detention was unlawful.  Gwynn v. City of Phila., 719 F.3d 295, 304 n. 4 (3d Cir. 2013) (citing Renk v. City of Pittsburgh, 537 Pa. 68, 641 A.2d 289 (1994)).  More specifically, liability for false imprisonment attaches where: (a) one acts intending to confine another within boundaries fixed by the actor, (b) his act results in such a confinement of the other, and (c) the other is conscious of the confinement or is harmed by it.  Gagliardi, 285 A.2d at 111 n.2.  Similarly, an arrest made without probable cause may give rise to a civil rights claim for false imprisonment under federal law. See James v. City of Wilkes-Barre, 700 F.3d 675, 683-84 (3d Cir. 2012) (noting that a false imprisonment claim under section 1983 "which is based on an arrest made without probable cause . . . is grounded in the Fourth Amendment's guarantee against unreasonable seizures.").

　　　Under Pennsylvania law, a plaintiff asserting a malicious prosecution claim must prove: (1) the institution of a proceeding against plaintiff without probable case and with malice, and (2) the proceedings terminated in plaintiff's favor.  Gilbert v. Feld, 842 F. Supp. 803, 814 (E.D.

Pa 1993) (citing <u>Griffiths v. CIGNA Corp.</u>, 988 F.2d 457, 463 (3d Cir.

1993); <u>Kelley v. Gen. Teamsters, Local Union 249</u>, 518 Pa. 517, 544

(1988)).

Here, Plaintiff Wynder's bankruptcy proceedings and retirement

claim do not make the existence of any fact that is of consequence in the

instant case more or less probable.  The Bankruptcy Code exists "to

provide a procedure by which certain insolvent debtors can reorder their

affairs, make peace with their creditors, and enjoy a new opportunity in life

. . . ." <u>Grogan v. Garner</u>, 498 U.S. 279, 286 (1991).  The Bankruptcy Code

does not provide a framework to analyze false arrest, false imprisonment

and malicious prosecution claims.  Likewise, Plaintiff Wynder's retirement

claim does not make any of the essential elements of these claims more

or less probable.  As such, the court will grant Plaintiff Wynder's motion to

exclude evidence regarding his prior bankruptcy proceedings and

retirement claim.

## 2.  Plaintiff Wynder's racial discrimination lawsuit

Plaintiff Wynder next moves to exclude evidence regarding a federal

racial discrimination lawsuit he filed against the New York State Police.

Defendants argue that they have a right to cross examine Plaintiff Wynder

regarding his racial discrimination lawsuit and elicit information regarding any damages award.  After careful review, the court agrees with Plaintiff Wynder.

Plaintiff, an African-American, filed his racial discrimination lawsuit in 1999 alleging that his employer, the New York State Police, subjected him to discriminatory treatment and a hostile work environment.  Wynder v. McMahon, No. 99-Civ-772, 2013 WL 1759968, *1-2, (E.D.N.Y. April 24, 2013).  The district court granted defendants' motion for summary judgment.  The court first determined that the defendants did not treat Plaintiff Wynder less favorably than white employees.  Id. at *8.  Second, the court held that the undisputed factual record did not support Plaintiff Wynder's hostile work environment accusations.  Id. at *10-13.

In the instant case, Plaintiff Wynder's prior racial discrimination lawsuit does not make the existence of any fact that is of consequence more or less probable.  Additionally, Plaintiff Wynder did not recover any damages in the prior lawsuit, which undercuts defendants' argument that an award of damages in the prior action is relevant in this action.  Moreover, Plaintiff Wynder filed his racial discrimination lawsuit fifteen (15) years ago–thirteen (13) years before filing the instant action.  The length

of time between the two lawsuits further weighs in favors of excluding this evidence.  Accordingly, the court will grant Plaintiff Wynder's motion in limine to exclude evidence regarding his prior racial discrimination lawsuit.

**3.  Motion to preclude any reference of New York State Police's administrative charges and disciplinary proceedings against Plaintiff Wynder.**

Finally, Plaintiff Wynder seeks to preclude from trial any reference to his New York State Police administrative charges and disciplinary proceedings.  Plaintiff asserts this information is irrelevant.  Defendants contend that Plaintiff Wynder's administrative charges and disciplinary proceedings are relevant because they relate to his damages claim and undermine his credibility.  The court agrees with the plaintiff.

Here, Plaintiff Wynder's disciplinary proceedings with his employer, the New York State Police, are not relevant.  They do not make the existence of any fact that is of consequence in the instant case more or less probable.  As such, the court will grant Plaintiff Wynder's motion to exclude evidence regarding his New York State Police administrative charges and disciplinary proceedings.

**Conclusion**

For the above-stated reasons, plaintiffs' motion in limine will be granted in part and denied in part.  The motion will be denied as it relates to Plaintiff Luck because he did not participate in any of the underlying administrative or judicial proceedings.  The motion will be granted regarding Plaintiff Wynder's bankruptcy proceedings, retirement claim, prior racial discrimination lawsuit and administrative charges and disciplinary proceedings with the New York State Police as these maters are not relevant.  An appropriate order follows.

**Date:   09/23/14**                         **s/ James M. Munley**
                                             **JUDGE JAMES M. MUNLEY**
                                             **United States District Court**